UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BROADCAST MUSIC INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-00755 (LMB/IDD) |
| ) | |
| FOSSILS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiffs' Renewed Motion for Default Judgment (Dkt. No. 37.) After the Defendants, or a licensed attorney for the same, failed to properly plead or defend against this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiffs' Renewed Motion for Default Judgment, and the supporting affidavits, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against the Defendants.

**I. INTRODUCTION**

On June 19, 2014, Broadcast Music, Inc. ("BMI"), EMI Blackwood Music, Inc. ("EMI"), Universal Music-Z Tunes, LLC d/b/a Universal Music Z Songs ("Universal Music"), Corey Fowler, Cahron Childs, Chanti Glee, Runway Star Music Publishing ("Runway Star"), Warner-Tamerlane Publishing Corporation ("Warner-Tamerlane"), and Peppermint Stripe Music (collectively, "Plaintiffs") brought this action against Fossils, Inc. d/b/a 5127 Restaurant and Lounge, John Park, Fazal Khan, Munazza Khan, and Dennis J. Park (collectively, "Defendants") to recover damages for infringement of Plaintiffs' copyrighted musical works. The Complaint

1

alleges five acts of infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, based on Defendants' unlawful public performances of music owned by and/or licensed to the Plaintiffs. (Compl. ¶¶ 1, 25.)

On November 7, 2014, Plaintiffs filed their first Motion for Default Judgment after Defendants failed to file a timely Answer or responsive pleading. (Dkt. No. 27.) At the December 5, 2014 hearing on the Motion, John Park appeared before the undersigned Magistrate Judge and sought to represent all the Defendants. Mr. Park was directed to file an Answer on his own behalf within fourteen days of the hearing, and the Motion was taken under advisement as to the remaining Defendants.[1] When Mr. Park failed to Answer in accordance with this Court's Order, Plaintiffs filed a Renewed Motion for Default Judgment on January 28, 2015. (Dkt. Nos. 34, 37.) On February 27, 2015, a licensed attorney representing all the Defendants appeared at the hearing on the Renewed Motion for Default Judgment. Since that time, however, Defendants' and their counsel have failed to adequately plead or otherwise defend against this action. Thus, Plaintiffs seek entry of default judgment against the Defendants, jointly and severally, and request that this Court award statutory damages, attorney's fees and costs, and enter a permanent injunction. (Dkt. No. 37.)

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action, pursuant to 17 U.S.C. § 101 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a), because this suit arises under the federal Copyright laws. (Compl. ¶ 1.) This Court also has personal jurisdiction over the Defendants because John

---

[1] The undersigned advised Mr. Park that as a *pro se* defendant he could only act on behalf of himself and not Defendant Fossils, Inc. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that corporations may not appear in federal court other than through licensed counsel).

Park, Fazal Khan, Munazza Khan, and Dennis J. Park reside in the Commonwealth of Virginia.[2] Fossils, Inc. is incorporated in Virginia and has a registered agent for service situated in this District. (Compl. ¶ 13.) Venue is also appropriate in this Court, pursuant to 28 U.S.C. §§ 1391(b) and 1400(a), because Defendants reside in this District and a substantial part of the alleged acts of infringement occurred in this District. (Compl. ¶ 2.)

### B. Service of Process

Rule 4(h) governs service upon corporations, partnerships, and other unincorporated associations, and allows service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). Under Rule 4(e), an individual is properly served by delivering to the person a copy of the summons and the complaint, or "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" Fed. R. Civ. P. 4(e)(2)(A)-(B).

On July 1, 2014, a private process server personally served John Park, Dennis Park, and Munazza Khan, in their individual capacities, with true and correct copies of the Summons and Complaint. (Dkt. Nos. 15-16, 18.) The same day, substituted service of the Summons and Complaint was made on Munazza Khan on behalf of her husband, Fazal Khan. (Dkt. No. 17.) The process server's sworn affidavit states that substituted service was made at Mr. Khan's usual place of abode, where Ms. Khan resides, and that Ms. Khan is approximately forty-four years old. (*Id.*) On July 8, 2014, a private process server delivered a copy of the Summons and Complaint to Joseph A. Cerroni, the registered agent for Fossils, Inc. in Annandale, Virginia.

---

[2] Although Plaintiffs failed to allege the residences of the individual defendants in the Complaint, such a deficiency need not deprive this Court of exercising personal jurisdiction. Because the individual Defendants' addresses are listed in the caption of the Complaint, and Defendants were properly served with process in Virginia, the undersigned finds that this will suffice for the purpose of establishing personal jurisdiction.

(Dkt. No. 14.) Therefore, Plaintiffs properly served Defendants pursuant to Rule 4(e) and Rule 4(h).

**C. Grounds for Entry of Default**

Plaintiffs' verified Complaint was filed on June 19, 2014. (Dkt. No. 1.) On November 7, 2014, Plaintiffs filed their first Motion for Default Judgment after Defendants failed to file a timely Answer or responsive pleading. (Dkt. No. 27.) On December 5, 2014, Defendant John Park appeared *pro se* at the hearing on Plaintiffs' Motion but, thereafter, failed to file an Answer within fourteen days of the hearing pursuant to the Court's Order. (Dkt. Nos. 33-34.) Accordingly, Plaintiffs filed a Renewed Motion for Default Judgment against all the Defendants. (Dkt. No. 37.) On February 24, 2015, an attorney representing the Defendants filed a Reply to Plaintiffs' Renewed Motion. (Dkt. Nos. 41-42.) In the Reply, Defendants requested leave of Court to file a responsive pleading to the Complaint out of time and, in the same document, included a proposed Answer.

In light of counsel's appearance and Defendants' apparent intent to defend against the lawsuit, both Motions for Default Judgment were denied, and Defendants were ordered to file a separate Answer by March 2, 2015. (Dkt. No. 44.) When Defendants again failed to comply with this Court's Order, the District Judge issued a third Order, on March 16, 2015, stating: "that if defendants do not file their answer by close of business Thursday, March 19, 2015, they will again be in default and the [P]laintiffs' Renewed Motion for Default Judgment will be immediately resolved." (Dkt. No. 46.) Because Defendants failed to file any responsive pleading by this deadline, the District Judge ordered that the entry of default be reinstated and Plaintiffs' Renewed Motion for Default Judgment be scheduled for another hearing. (Dkt. No. 52.) The Clerk of the Court entered default against all Defendants on March 26, 2015. (Dkt. No. 53.)

On April 14, 2015, Defendants submitted a second Reply to Plaintiffs' Renewed Motion, asking the Court "to recognize the previous filed [proposed] pleading" attached to their February 24, 2015 request to file an Answer out of time. (Dkt. No. 55.) Because the Reply failed to provide any explanation for Defendants' delay, or demonstrate good cause upon which such relief could be granted, Defendants request to file the Answer was denied. (Dkt. No. 56.) Defendants were also instructed that they were precluded from disputing liability, but could appear at the hearing on Plaintiffs' Renewed Motion to contest damages. (*Id.*)

Thus, a final hearing on Plaintiff's Renewed Motion for Default Judgment was held on April 17, 2015, after which the undersigned Magistrate Judge took the Motion under advisement to issue this Report and Recommendation.

## II.  FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that the Plaintiffs have established the following facts. BMI is a New York corporation with its principal place of business in New York City. (Compl. ¶ 3.) It is a non-profit "performing rights organization," which has been granted the right to license public performance rights for approximately 8.5 million copyrighted musical compositions ("the Repertoire"). (Compl. ¶ 3; Renewed Mem. Supp. Default J. at 2.) In turn, BMI grants users, such as broadcasters and owners and operators of concert halls, restaurants, and nightclubs, the right to publicly perform works from the Repertoire through blanket license agreements. (Renewed Mem. Supp. Default J. at 2-3.) The remaining Plaintiffs joined in the suit are the copyright owners of at least one of the compositions allegedly infringed by Defendants, and have granted BMI "non-exclusive public

performance rights" in certain musical works.[3] (Compl. ¶ 4; Renewed Mem. Supp. Default. J. at 2.)

Defendant Fossils, Inc. is a Virginia corporation which operates, maintains, and controls 5127 Restaurant and Lounge ("5127 Restaurant"). (Compl. ¶¶ 13, 15.) 5127 Restaurant is located in Centreville, Virginia. (Compl. ¶ 13.) Defendants John Park, Fazal Khan, Munazza Khan, and Dennis J. Park, are directors of Fossils, Inc., "with primary responsibility for the operation and management" of both the corporation and 5127 Restaurant. (Compl. ¶¶ 16-23.) Live and recorded music is regularly performed in connection with the restaurant's operations. (Compl. ¶ 14; Renewed Mem. Supp. Default J. at 3.) According to the declaration of Brian Mullaney, BMI's Vice President, Sales, Licensing, 5127 Restaurant was licensed in October 2001 to perform or allow the performance of works from the Repertoire; however, this license was cancelled for non-payment on November 30, 2009. (Mullaney Decl. ¶¶ 1, 4.)

In early 2011, BMI learned that 5127 Restaurant was offering musical entertainment of works from the Repertoire without a proper license or permission from the copyright owners. (*Id.* ¶ 3.) BMI notified the Defendants on numerous occasions—including 31 telephone calls and more than 50 letters between March 2011 and August 2013—regarding Plaintiffs' rights and the need to obtain a license to publicly perform copyrighted music. (Renewed Mem. Supp. Default J. at 3; Mullaney Decl. ¶ 3-6.) BMI also sent Defendants several cease and desist letters between September 2011 and February 2014, and sent licensing personnel to the premises on January 24, 2015 to document performances of copyrighted works at the establishment. (Mullaney Decl.

---

[3] Plaintiffs Corey Fowler, Cahron Childs, and Chanti Glee are individuals; EMI and Warner-Tamerlane are corporations; Runway Star and Peppermint Stripe Music are sole proprietorships; and, Universal Music is a limited liability company. (Compl. ¶¶ 5-12.)

¶¶ 7-13.) Despite these warnings, and BMI's offers to enter into a blanket license agreement, Defendants did not execute a license authorizing the public performances. (Renewed Mem. Supp. Default J. at 3.)

BMI asserts that its licensing personnel and music researcher documented five instances of copyright infringement of songs from the Repertoire, all of which are properly registered with the U.S. Copyright Office and bear Certificates of Registration with the following identification numbers: "Action," PA 782-994 (March 20, 1996); "Ignition," PA 1-130-236 (February 4, 2003); "Dude," PA 1-159-668 (September 2, 2004); "Teach Me How to Dougie," PA 1-744-864 (June 27, 2011); and, "Seven Nation Army," PA 1-222-338 (March 29, 2004). (Compl., Ex. A; Mullaney Decl., Ex. A.) Plaintiffs argue that each performance of these songs was a violation of their lawfully obtained copyrights. (Compl. ¶¶ 26-30.)

### III. EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. See *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. See *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. See, e.g., *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); see also *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default judgment has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of

law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.* at 780.

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679.)

## Copyright Infringement

Plaintiffs assert claims of willful copyright infringement by the Defendants of five musical compositions. The Copyright Act, 17 U.S.C. § 101 *et seq.*, allows a copyright owner the "exclusive rights to do and to authorize any of the following: . . . (4) in the case of . . . musical . . . works, . . . to perform the copyrighted work publicly[.]" 17 U.S.C. § 106(4). "This [statutory] framework [also] enables the owner of the copyright to assign the licensing of public performances to others . . . on terms amenable to the copyright owner." *EMI April Music, Inc. v. White*, 618 F. Supp. 2d. 497, 504 (E.D. Va. 2009) (citations omitted). The Copyright Act further

8

provides that anyone who violates any of the exclusive rights of the copyright owner is an infringer of copyright. 17 U.S.C. § 501(a). Generally, a prevailing copyright owner is entitled to remedies including temporary and final injunctions, monetary damages, costs, and attorney's fees. 17 U.S.C. §§ 502, 504-505.

To establish a claim for copyright infringement, a plaintiff must show (1) valid ownership of the copyright, and (2) that the defendant copied original elements of plaintiff's copyrighted work. *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 660 (4th Cir. 1993) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). In the context of music performance, these requirements have been articulated as: (1) Originality and authorship of the copyrighted works involved; (2) Compliance with the formalities of the Copyright Act; (3) Proprietary rights in the copyrighted works involved; (4) Public performance of the compositions involved; and, (5) Lack of authorization for the public performance. *Broad. Music, Inc. v. Opticom, Inc.*, No. 3:91CV00381, 1992 WL 510894, at *3 (E.D. Va. Jan. 24, 1992), *aff'd sub nom. Broad. Music, Inc. v. Galloway*, 993 F.2d 1535 (4th Cir. 1993) (unpublished disposition) (citations omitted). "Therefore, one who publicly performs copyrighted music without permission from the copyright owner thereby infringes the copyright." *EMI April Music*, 618 F. Supp. 2d. at 504.

Plaintiffs allege that they are the owners of copyrights in the five songs at issue, which are protected by valid Certificates of Registration issued by the Register of Copyrights. (Compl. ¶ 28.) Plaintiffs also contend that Defendants publicly performed the five songs at 5127 Restaurant, or caused them to be publicly performed, on the night of January 24, 2015, without authorization from either the copyright holders or BMI, as the licensor of performance rights in the compositions. (Compl. ¶¶ 11-13.) Documentation in support of Plaintiffs' Renewed Motion

indicates that a DJ was recorded playing music for restaurant patrons that night, including the five copyrighted works. (*See* Mullaney Decl., Ex. A at 18.) Plaintiffs also allege that the Defendants did not have a valid license or any other authorization to play the five copyrighted works. Therefore, the undersigned finds that Plaintiffs have pled sufficient facts establishing the elements of their claim for Fossils, Inc.'s willful copyright infringement.

Plaintiffs also seek to hold the individual Defendants, as directors and officers of Fossils, Inc., liable for copyright infringement. While courts have recognized secondary liability under the Copyright Act, Plaintiffs must allege facts showing that the Defendants "possess[ed] the right and ability to supervise the infringing conduct" and had "an obvious and direct financial interest in the exploitation of copyrighted material." *EMI April Music*, 618 F. Supp. 2d. at 507 (citations omitted). Here, Plaintiffs assert that the five copyrighted songs were among the musical entertainment provided for the benefit of 5127 Restaurant's paying customers. The facts as admitted also set forth that Defendants have primary responsibility for the operation and management of Fossils, Inc., and own 5127 Restaurant where the copyright infringement took place. Therefore, the record demonstrates that Defendants possessed the right and ability to supervise infringing conduct at their establishment. The individual Defendants, as proprietors of the for-profit restaurant, also have a direct and obvious financial interest in the infringing material. Although BMI alerted Defendants of their violations and offered opportunities to remedy the infringement by entering into a licensing agreement, Defendants failed to do so while continuing to play music from the Repertoire. (Compl. ¶ 31; Renewed Mem. Supp. Default J. at 3.) Consequently, the Court finds that Plaintiffs' have pled sufficient facts to substantiate their copyright infringement claim against the individual Defendants.

## IV. REQUESTED RELIEF

### A. Statutory Damages

Having accepted the well-pleaded allegations in the Complaint as true, Plaintiffs are entitled to judgment based on Defendants' violations. 17 U.S.C. § 504(a) permits the aggrieved party to recover either "(1) the copyright owner's actual damages and any additional profits of the infringer . . . or (2) statutory damages." In the case of non-willful infringement, "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). In cases of willful copyright infringement, however, courts "may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

In the instant action, Plaintiffs have elected to pursue statutory damages. Although the Complaint contains only a general prayer for such relief, the Renewed Motion specifies that Plaintiffs seek an award of $45,000.00 ($9,000.00 per act of infringement).[4] (Renewed Mot. Default J. at 2.) This statutory amount is asserted as just compensation for Defendants' deliberate refusal to enter into a licensing agreement, while continuing to publicly play music from the BMI Repertoire. (Renewed Mem. Supp. Default J. at 4.) At the April 17, 2015 hearing, the parties were also afforded an opportunity to supplement their filings on the issue of damages. (Dkt. No. 58.) Defendants submitted an affidavit from John Park which primarily highlights Fossils, Inc.'s

---

[4] While a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings," Fed. R. Civ. P. 54(c), this difference does not preclude the award of the statutory damages as articulated in the Renewed Memorandum in Support. *See Graduate Mgmt. Admission Council v. Lei Shi*, No. 1:07cv605, 2007 WL 4692777, at *5 (E.D. Va. Dec. 11, 2007), *report and recommendation adopted in part*, 2008 WL 112047 (E.D. Va. Jan. 7, 2008) (noting that, while the complaint was silent as to a specific request for damages, an award of the amount of damages set forth in the memorandum in support of default judgment was not inconsistent with Rule 54(c) and Fourth Circuit case law, and plaintiff sufficiently substantiated her specific claim with supporting affidavits and documents).

"poor financial condition," and notes that Defendants grossed $1,306.25 ($200.00 of which was paid to the DJ) on the night the infringement took place. (Dkt. No. 59-1.) In response, Plaintiffs maintain that Fossils, Inc.'s financial situation should not bear on the Court's final evaluation of damages, and reassert their request for $45,000.000 as a reasonable statutory damages award. (Dkt. No. 62.)

The undersigned is mindful that "[s]tatutory damages are intended not merely for the restitution of profit or reparation of injury, but to deter wrongful conduct." *Graduate Mgmt. Admission Council v. Raju*, 267 F. Supp. 2d 505, 511 (E.D. Va. 2003). Defendants have provided no explanation for their failure to enter into a proper licensing agreement, despite being on notice of violations at 5127 Restaurant for almost three years. Indeed, Mr. Mullaney states that during attempts to contact the individual Defendants, BMI's licensing personnel spoke with Mr. Park on six occasions and Ms. Khan on eight occasions. (Mullaney Decl. ¶ 9.) Accordingly, the fact that Defendants would prefer not to pay a significant damages award at this time is unavailing.

Had Defendants entered into a licensing agreement when first contacted by BMI in March 2011, the undersigned calculates that the sum of the annual licensing fees, through February 2014, comes to approximately $5,088.60. (Mullaney Decl. ¶ 18.) Plaintiffs aver that the annual licensing fee at the time of Defendants' documented infringement was approximately $1,742.40. (*Id.*) Therefore, in light of Defendants' willful conduct and disregard of BMI's repeated offers to enter into a licensing agreement, the undersigned recommends $5,000.00 per infringement as an appropriate statutory damages award (a little less than three times the 2013-2014 licensing fee) for a total of $25,000.00.

### B. Injunctive Relief

In addition to monetary relief, Plaintiffs request an injunction, pursuant to 17 U.S.C.

§ 502, barring Defendants and their agents, servants, employees, and all persons acting under their permission and authority from infringing, in any manner, the copyrighted music licensed by BMI. (Compl. at 6.) 17 U.S.C. § 502(a) provides: "Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Therefore, the undersigned finds that granting the requested injunctive relief is appropriate in order to prevent the continued harm caused by ongoing, unauthorized public performances of copyrighted musical compositions owned by or licensed to the Plaintiffs.

### C. Attorney's Fees & Costs

Finally, Plaintiffs seek $3,000.00 in attorney's fees and $789.09 in costs in this action. Pursuant to Section 505 of the Copyright Act, Plaintiffs are entitled to an award of full costs, and may recover reasonable attorneys' fees. 17 U.S.C. § 505. In support of their request, Plaintiffs provided the sworn affidavit of attorney Elizabeth S. Flowers, as well as a detailed timesheet and schedule of costs. (Dkt. No. 38-3.) Plaintiffs' counsel avers under oath that $3,789.09[5] is an accurate representation of the attorney's fees and costs incurred in this proceeding. Having examined the affidavit, timesheet, and schedule of costs, the undersigned Magistrate Judge finds that the requested fees and costs are reasonable compensation for the work necessarily expended to enforce Plaintiffs' rights.

### IV. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that the Plaintiffs' Renewed Motion for Default Judgment be **GRANTED in part and DENIED in part**.

---

[5] The undersigned notes that the Flowers Affidavit indicates Plaintiffs have incurred $789.09 in costs, while the Renewed Motion and Memorandum set forth a different figure—$774.29. (Flowers Aff. ¶ 6; Renewed Mot. Default J. at 2; Mem. Supp Default J. at 5.) This appears to be due to typographical errors, as the schedule of costs attached to the Flowers Affidavit reflects total costs of $789.09. (Flowers Aff., Ex. B.)

The Motion should be granted as to entry of default judgment against Defendants Fossils, Inc., John Park, Fazal Khan, Munazza Khan, and Dennis J. Park, jointly and severally, for willful copyright infringement. Accordingly, the undersigned recommends that an Order be entered awarding Plaintiffs statutory damages in the amount of $25,000.00, pursuant to 17 U.S.C. § 504, plus $3,789.09 in attorney's fees and costs, pursuant to 17 U.S.C. § 505, and granting injunctive relief as recommended herein.

## V. <u>NOTICE</u>

By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to counsel of record and Defendants at the following addresses:

Joseph A. Cerroni
Defendants' Attorney/Registered Agent
Fossils, Inc., d/b/a 5127 Restaurant and Lounge
5033 B Backlick Road
Annandale, VA 22003

                                                       /s/
                                          Ivan D. Davis
                                          United States Magistrate Judge

May 28, 2015
Alexandria, Virginia