IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BROADCAST MUSIC, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:14-cv-755 (LMB/IDD) |
| ) | |
| FOSSILS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

On May 28, 2015, a magistrate judge issued a Report and Recommendation ("Report") in which he recommended that a default judgment in the amount of $25,000 plus $3,789.09 in attorney's fees and costs be awarded to the plaintiffs, as well as injunctive relief based upon the defendants' having infringed plaintiffs' copyrighted musical works. The parties were advised that any objections to the Report had to be filed within 14 days and that failure to file timely objections waived appellate review of the judgment based on the Report.

On June 11, 2015, defendants filed their objection in which they opposed the $25,000 damages award, arguing that it was excessive in that it exceeded what was necessary to compensate plaintiffs and to deter infringement. Defendants then argued that the Court needed to consider various factors, but failed to do so. Plaintiffs have replied to the objection, pointing out that defendants failed in their objection to articulate any relevant facts which the magistrate judge ignored. In addition to not describing any facts, the defendants misstated what the magistrate judge did find. Specifically, the Report documented the three-year history of plaintiffs warning defendants about their infringing activities, including making 31 telephone

calls and sending more than 50 letters between March 2011 and August 2013 advising defendants about their obligation to obtain a license before they could publicly perform plaintiffs' copyrighted music. See Report 6, 12. Plaintiffs also sent several cease and desist letters between September 2011 and February 2014, and licensing personnel visited the defendant restaurant on January 24, 2015, to document that performances of copyrighted works were occurring. Id. at 6. The individual defendants have primary responsibility for the operation and management of the restaurant and, as proprietors of the for-profit restaurant, they have a direct financial interest in the infringing material. Id. at 10. Those factual findings, coupled with "the important deterrent purposes served by statutory damages," EMI Apr. Music, Inc. v. White, 618 F. Supp. 2d 497, 508 (E.D. Va. 2009), established a solid basis for the magistrate judge's determination of the appropriate damages. For these reasons, defendants' objection is overruled.

Having reviewed the case file, this Court finds that the Report correctly finds that subject matter jurisdiction is established because this civil action is brought under federal copyright law, 17 U.S.C. § 101 et seq., and therefore raises a federal question. Personal jurisdiction over all defendants is proper as the business defendant, Fossils Inc. d/b/a 5127 Restaurant and Lounge, is located in this district and all other defendants reside in this district and have ownership or management responsibilities for that restaurant. Moreover, the Report accurately documents the willful infringing activities of the defendants on January 24, 2015, when five of plaintiffs' copyrighted musical works were publicly performed at the restaurant.

As for the damages awarded, plaintiffs elected to pursue statutory damages, asking for $9,000 per act of infringement, for a total of $45,000. The Report recommended a lower amount of $5,000 per act, and plaintiffs have not objected to that amount. Defendants'

objection to that amount is meritless. The purpose of statutory damages is not only to compensate the copyright holder for any injury but to deter future infringement. See White, 618 F. Supp. 2d at 508 (citing F. W. Woolworth Co. v. Contemporary Arts, 344 U.S. 228, 233 (1952)). Defendants' record of ignoring plaintiffs' warnings establishes a clear need for deterrence. Moreover, any financial hardship claim, including defendants' assertion that the restaurant grossed only $1,306.25 on the night the five acts of infringement occurred, is defeated by the magistrate judge's finding that defendants could have avoided this lawsuit by accepting Broadcast Music, Inc.'s repeated offers to enter into a licensing agreement for an annual fee of only $1,742.40. Id. at 12.

For the reasons stated in the Report, the findings and conclusions of which are fully adopted by the Court, plaintiffs' Renewed Motion for Default Judgment [Dkt. No. 37] is GRANTED, and it is hereby

ORDERED that judgment be and is entered jointly and severally against defendants Fossils, Inc. d/b/a 5127 Restaurant and Lounge, John Park, Fazal Khan, Munazza Khan, and Dennis J. Park in the amount of $25,000 in statutory damages pursuant to 17 U.S.C. § 504, plus $3,789.09 in attorney's fees and costs with interest on this judgment at the federal interest rate established in 28 U.S.C. § 1961, starting from the date of this judgment until fully paid, and it is further

ORDERED that Fossils, Inc. d/b/a 5127 Restaurant and Lounge, John Park, Fazal Khan, Munazza Khan, and Dennis J. Park and their agents, servants, employees, and all persons acting under their permission or authority shall be permanently enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by Broadcast Music, Inc., and it is further

ORDERED that this Court shall retain jurisdiction over this action for the purpose of enforcing the judgment granted.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 7th day of July, 2015.

Alexandria, Virginia

/s/ *(signature)*
Leonie M. Brinkema
United States District Judge